IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAREKUS BENSON, :
       Plaintiff :
   v. : Case No. 3:22-cv-125-KRG-KAP
WARDEN DENNIS VOUGHT, :
Somerset County Prison, *et al.*, :
       Defendants :

### Memorandum Order

The Court gave plaintiff leave to file an amended complaint. ECF no. 22. Plaintiff has done so: what was styled "Motion for Leave to File an Amended Complaint" and docketed as such at ECF no. 24 is in fact plaintiff's amended complaint. To simplify review of the docket in the future the "motion" at ECF no. 24 is granted, and the amended complaint shall be docketed at its own number as the Amended Complaint.

The Clerk should also note plaintiff's change of address on the docket to that shown below. It is plaintiff's responsibility to file a timely notice of address if his address should change.

Plaintiff's two motions for appointment of counsel, ECF no. 19 and ECF no. 23, are denied. Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." The local rule reflects the experience-based judgment of the District Court that, given the few attorneys who have expressed willingness to represent inmates *pro bono*, counsel should be reserved for cases pending trial. There are no special circumstances here. Plaintiff's assertion, Motion at ¶4, that "failure to appoint counsel displays a predetermined prejudice to incarcerated plaintiffs" indicates that plaintiff probably does not understand what the phrase "appointment of counsel" means. It does not imply that the Court can compel anyone to represent him in his civil case: the Court can only request that an attorney represent a litigant. <u>Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa</u>, 490 U.S. 296, 301–02 (1989). The *pro bono* process in this district works without the direct supervision of the Court, with the Clerk sending the docketed materials in the plaintiff's case to an attorney who has volunteered to consider taking such cases. Because of the limited number of attorneys who will consider representing inmates *pro bono*, the Court has to exercise some discretion in seeking counsel, and because of the high percentage of meritless complaints tends not to refer cases at the earlier stages. This does not prevent a litigant from seeking counsel independently. His alleged lack of funds does not present a special circumstance because the vast majority of inmate litigants are indigent. In fact plaintiff, who is not proceeding *in forma pauperis*, is the exceptional inmate litigant.

Since plaintiff is not proceeding *in forma pauperis*, he must serve the three named defendants (Vought, Pelesky, Airmark) as provided in Fed.R.Civ.P. 4(m):

If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Plaintiff must effect proper service under Rule 4 on defendants and make proof of service under Rule 4(l)(1) on or before August 31, 2023, or the complaint will be dismissed without prejudice as provided in Rule 4(m) as to any defendant not served. If plaintiff wants the Marshal to make service (at plaintiff's expense) on the defendants he should file a motion requesting an order to that effect.

Finally, the Clerk can mark "Somerset County Jail" terminated as a defendant.

DATE:  May 26, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Marekus Benson QP-4049
S.C.I. Huntingdon
1100 Pike Street
Huntingdon, PA 16654